IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:17-cr-68 |
| | : | Civil No. 1:20-cv-579 |
| v. | : | |
| | : | Hon. John E. Jones III |
| DEXTON BRUNSON, | : | |
| Defendant. | : | |

**MEMORANDUM**

**November 16, 2020**

Before the Court is the *pro se* Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 84) filed by Dexton Brunson ("Brunson" or "Defendant").  The Motion has been fully briefed by the parties (Docs. 85, 86, 87, 90 and 91) and is therefore ripe for our review. For the reasons that follow, the Motion shall be denied, and no certificate of appealability shall issue.

## I.    BACKGROUND

The facts giving rise to the instant prosecution were previously summarized by the Court as follows:

On November 21, 2016, Hagerstown Maryland City Police applied for and was granted two arrest warrants for the Defendant in

connection with assault and firearms offenses.  The arrest warrants contained the Defendant's last known address of 5925 Gabrielle Lane, Chambersburg, PA.  On December 8, 2016, agents of the Middle District of Pennsylvania Fugitive Task Force arrested the Defendant on the outstanding warrants at the Chambersburg address. Specifically United States Deputy Marshal Phil Lewis and Pennsylvania State Trooper Neil Navitsky of the Pennsylvania State Police participated in the arrest of the Defendant.  During a security sweep of the residence, agents found small chunks of suspected marijuana on the floor hallway. The Defendant requested a pair of blue sweat pants to wear and a subsequent search of the front pocket of those pants revealed a folded one dollar bill with a white powdery substance.

Trooper Navitsky then telephoned Trooper Rodney Fink to relay information to him in aid of a search warrant application.  The probable cause affidavit drafted by Trooper Fink stated that the arresting officers "observed raw marijuana dispersed on the floor of the home," and that "while securing the pants of the Defendant they located a baggie containing cocaine."  Franklin County Magistrate Judge Todd R. Williams signed the warrant authorizing a search of the residence.

(Doc. 40, pp. 2-3).  A search of the residence led to the recovery approximately

157 grams of cocaine HCL, 1 pound of marijuana, $8,448.00 in US currency,

approximately $65,000 in jewelry and other valuable assets, among other things.

(Doc. 86, pp. 2-3).

On March 22, 2017, a grand jury sitting in the Middle District of

Pennsylvania returned a two-count Indictment against Brunson charging him with

one count of possession with intent to distribute cocaine and marijuana in violation

of 21 U.S.C. §§ 841(a) (1) (Count 1), and one count of conspiracy to distribute

cocaine and marijuana in violation of 21 U.S.C. §§ 846 (Count 2).  (Doc. 1).  At

his initial appearance and arraignment, Samuel Rivera, Esq. was appointed to represent Brunson in this case.

On August 16, 2017, Attorney Rivera filed a Motion to Suppress on behalf of the Defendant.  (Doc. 23).  Specifically, pursuant to *Franks v. Delaware,*[1] the defense challenged the statement contained in the affidavit of probable cause that a "baggie" of cocaine was found in Brunson's pants, when in fact cocaine residue was found on a dollar-bill located in Brunson's pants. On January 29, 2018, the Court held an evidentiary hearing on the Defendant's suppression motion, during which the Government presented a single witness, Trooper Rodney Fink, who was the affiant on the search warrant of Brunson's residence.  The defense did not present any witnesses. Following the hearing, the Court ordered briefing on the suppression motion.  By Memorandum and Order dated March 15, 2018, the Court denied the Defendant's motion, finding that Trooper Fink's inaccuracy in the affidavit of probable cause regarding the "baggie containing cocaine" was entirely unintentional.  (Doc. 40).

---

[1] The seminal case establishing a defendant's right to overcome the presumption of the validity of a search warrant and challenge the issuance of a search warrant is *Franks v. Delaware,* 438 U.S. 154 (1978).  In *Franks,* the Supreme Court held a defendant has the right to challenge the truthfulness of factual statements made in an affidavit of probable cause.  *See United States v. Yusuf*, 461 F.3d 374, 383 (2006).   After a hearing, a defendant must prove by preponderance of the evidence that 1) the affiant knowingly and deliberately, or with a reckless disregard for the truth, made a false statement or omission that created a falsehood in applying for a warrant; and 2) that such statements or omissions were material, or necessary to the probable cause determination.  *Id.*

Thereafter, the Defendant and the Government entered into a plea agreement, which was filed on August 28, 2018.  (Doc. 53).  At a change of plea proceeding before Magistrate Judge Martin C. Carlson, Brunson expressed his displeasure with the plea agreement and Attorney Rivera's representation of him. Brunson did not change his plea that day and Attorney Rivera filed a motion to withdraw as counsel shortly thereafter.  (Doc. 59).

On September 12, 2018 we granted Attorney Rivera's motion to withdraw and on September 14, 2018 appointed Ann Ariano, Esq. to represent Brunson in this matter.  (Docs. 60 and 62).  The Defendant and the Government entered into a new, conditional plea agreement that would permit the Defendant to withdraw his plea of guilty if his appeal of our denial of the suppression motion was successful before the Third Circuit. (Doc. 65).  A change of plea proceeding was held before the undersigned on November 2, 2018.  During that proceeding, the Defendant pled guilty to Count 1 of the Indictment.

On April 29, 2019 the Court sentenced the Defendant to 120 months imprisonment on Count 1, to be followed by a 3-year term of supervised release. (Doc. 77).  Thereafter, Defendant appealed the suppression decision to the Third Circuit on May 2, 2019.  On November 19, 2019, the Third Circuit issued an opinion affirming our decision. The Third Circuit held that because "Brunson's arguments fail on the first prong of the *Franks* test, we need not consider whether

4

the false statement and omissions were material to the finding of probable cause."
*United States v. Brunson*, 784 F. App'x. 858, 860 (3d Cir. 2019). The court went on
to state in a footnote that "even without the "baggie" language, the affidavit lists
other evidence that supports a finding of probable cause, including pieces of
marijuana on the floor, the odor of marijuana in the home, cocaine in Brunson's
sweatpants, and his criminal history of numerous drug-related offenses for, among
other things, possession of marijuana and cocaine." *Brunson, supra,* 784 F. App'x.
at 860.

The instant §2255 Motion was filed by Brunson on April 6, 2020. (Doc. 84).

## II.   DISCUSSION

Brunson raises a single ground for relief in his motion, namely that Attorney
Rivera was ineffective relative to the litigation of Brunson's suppression motion.
Specifically, Brunson contends that Attorney Rivera's failure to call witnesses at
the suppression hearing resulted in the Court denying his motion.

### A. Ineffective Assistance of Counsel

Since Brunson's claim sounds in ineffective assistance of counsel, we begin
with the well-established standard for such a claim under 28 U.S.C. § 2255.  In
order to successfully demonstrate ineffective assistance of counsel, a petitioner
must establish that (1) the performance of counsel fell below an objective standard

of reasonableness; and (2) the errors of counsel prejudiced the defense. *Strickland*

*v. Washington,* 466 U.S. 668, 687-92, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The first prong of the *Strickland* test requires the defendant show that counsel's

performance was actually deficient. *Jermyn v. Horn,* 266 F.3d 257, 282 (3d Cir.

2001).  A court "deciding an actual ineffectiveness claim must judge the

reasonableness of the counsel's challenged conduct on the facts of the particular

case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690.

Counsel's conduct presumptively "falls within the wide range of reasonable

professional assistance," and the defendant "must overcome the presumption that,

under the circumstances, the challenged action 'might be considered sound trial

strategy.'" *Id.* at 689-90 (quoting *Michel v. Louisiana,* 350 U.S. 91, 93, 76 S. Ct.

158, 100 L. Ed. 83 (1955)).

The Supreme Court has cautioned against allowing defendants to "second-

guess" every decision made by their representative.  *Strickland,* 466 U.S. at 689.

Every effort must "be made to eliminate the distorting effects of hindsight, to

reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

conduct from counsel's perspective at the time." *Id.* at 689.  There is a "strong

presumption" that the actions of defense counsel were reasonable, and the burden

rests with the defendant to overcome this high bar.  *Id.* at 689. Furthermore, it is

imperative that post-trial or post-plea inquiries not lead to an endless cycle of

6

litigation, where the accused can challenge the result until he finds the one most favorable. *See id.* at 689–90.

The duty of defense counsel to investigate does not entitle a defendant to an exhaustive inquiry. *See Stevens v. Delaware Correctional Center,* 295 F.3d 361, 372–73 (3d Cir. 2002).  The lawyer should follow leads when there is a strong possibility of finding exculpatory or mitigating evidence, but the scope of the inquiry will be limited by the information provided by the defendant and what is reasonably available. *Id.* at 373.  Sometimes an investigation will not even prove necessary. *Strickland,* 466 U.S. at 691 (holding that counsel must either make reasonable investigations or "make a reasonable decision that makes particular investigations unnecessary").

The second prong of the *Strickland* test requires the defendant show that the deficient performance so prejudiced the defense as to raise doubt as to the accuracy of the outcome of the trial or sentence. *Strickland*, 466 U.S. at 693-94. Additionally, it "is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693; *Harrington v. Richet*, 562 U.S. 86, 111 (2011) (emphasizing recently that the "likelihood of a different result must be substantial, not just conceivable").   The petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Jermyn,* 266 F.3d at 282 (quoting *Strickland,* 466 U.S. at 693).  A simple error, if it had no effect on the judgment, does not necessitate setting aside the judgment. *Strickland,* 466 U.S. at 691.

### B. Analysis

To review, Brunson contends that Attorney Rivera's performance was deficient when he failed to call certain witnesses at the suppression hearing. Brunson contends that Rivera should have called Trooper Navitsky as well as other witnesses to support Brunson's contention that the statement in the affidavit about the loose marijuana on the floor was false.

We disagree with Brunson's contention that Attorney Rivera's performance was deficient.  To be sure, Attorney Rivera based the suppression motion on an entirely appropriate well-reasoned argument – that there was a facial falsity in the affidavit of probable cause.  However, Trooper Fink's testimony[2] at the suppression hearing demonstrated and this Court observed, there was "simply no evidence from which to infer that Trooper Fink inserted this misstatement in a knowing or deliberate way, nor is there anything in the record to suggest that the

---

[2] Trooper Fink testified that "[t]hat characterization – I'm absolutely certain they told me there was a quantity of cocaine located in his pocket.  Whether I was told that it was a dollar     bill or a baggie, that could have been something that I inserted in there by mistake.  I just assumed that the packaging was, when they told me there  was a small amount of cocaine, that the packaging was in a baggie because that's how it's commonly, how it's commonly packaged." (N.T., Doc. 38, p. 23, lns. 8-15).

misstatement reflects a reckless disregard for the truth." (Doc. 40, p. 5). Attorney Rivera's decision not to call Trooper Navitsky or Deputy Lewis was well within the bounds of appropriate strategy and reasonableness, particularly here where the Government and Trooper Fink readily admitted that there was a falsity in the affidavit of probable cause penned by Trooper Fink.

Brunson also argues that Attorney Rivera's performance was deficient because he failed to call witnesses to establish that statements regarding the odor of marijuana emanating from the premises and the observations of the marijuana strewn about the floor were made up by the officers. In support of his argument, Brunson has supplied the Court with his own self-serving affidavit denying the existence of marijuana in plain view at his residence, as well as an affidavit of Khadene Wilson, who lived with Brunson at the subject residence, wherein she denies seeing marijuana strewn about the floor of the home on that day. (Doc. 90, Exs. 1 and 2). However, contrary to Brunson's argument, defense counsel is not required to pursue every argument or position proffered by the client. To be sure, "[w]hen counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." *Yaraborough v. Gentry*, 540 U.S. 1, 8 (2003) (citing *Strickland,* 466 U.S. at 690)). We simply cannot find that Attorney Rivera's failure to pursue this argument was

deficient.  Rather, it appears to the Court that Attorney Rivera used his considered judgment and experience as an advocate when deciding not to pursue this avenue.

## III.    CONCLUSION

Based on the foregoing analysis, we find that Brunson overcome the presumption of the reasonableness of Attorney Rivera's performance and thus has not met the first prong of the *Strickland* test, and as such, his Motion shall be denied.  *See United States v. Fazio,* 795 F.3d 421, 426 (3d Cir. 2015)(a court can freely consider either the reasonable counsel or the prejudice prong in any order, dismissing the issue once one has not been satisfied by the defendant).  Further, we do not find that Brunson has made a substantial showing of the denial of a constitutional right, and as such, no certificate of appealability shall issue.  *See* 28 U.S.C. § 2253.

An appropriate Order follows.